UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE ILLESCAS,
on behalf of himself and all others
similarly situated,

                        Plaintiff,            **COMPLAINT**

       - against -                       **FLSA COLLECTIVE**

FOUR GREEN FIELDS LLC,
d/b/a AGAVE RESTAURANT,
and JACK SOBEL, individually,

                        Defendants.
------------------------------------------------------------------------X

      Plaintiff Jose Illescas (hereinafter referred to as "Illescas" or "Plaintiff"), on behalf of himself and all other similarly situated current and former workers by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Four Green Fields LLC d/b/a Agave Restaurant ("Agave") and Jack Sobel ("Sobel"), individually (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1.   This is a civil action brought by Plaintiff and all other similarly situated restaurant workers (as hereinafter defined) to recover unpaid earned wages and unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and all other similarly situated non-exempt workers work or have worked as bus boys and assistant bartenders ("restaurant workers") for Four Green Fields LLC d/b/a Agave Restaurant, a company owned and operated by Sobel.

2.   Plaintiff further brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA

and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

3. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay earned wages, minimum wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of supplement jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Southern District.

## PARTIES

**Plaintiff Jose Illescas**

7. Plaintiff is and was at all times relevant hereto an adult individual residing in Bronx County.

8. Plaintiff worked at Agave from on or about 2010 through October 2019.

9. From the beginning of his employment with Defendants through on or about 2013, Plaintiff was employed as a busboy.

10. From on or about 2014 through October 2019, Plaintiff was employed as an assistant bartender.

11. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

2

**Defendant Agave Restaurant**

12. Agave is a Mexican restaurant incorporated in the State of New York, located at 140 7th Ave S, New York, NY 10014.

13. On information and belief, Jack Sobel is the owner of Agave.

14. At all times relevant to this action, Agave was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. On information and belief, Agave has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Jack Sobel**

16. Sobel is a person engaged in business in New York County who is sued individually in his capacity as an owner, officer and/or agent of Agave.

17. On information and belief, Sobel maintains control, oversight and direction over Agave.

18. Sobel exercises sufficient control over Agave to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Agave.

19. Sobel had substantial control over Plaintiff's working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

20. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of

Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

21. The FLSA Collective consists of approximately 15 similarly situated current and former restaurant workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them earned wages and minimum wages.

22. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i. failing to pay employees their earned wages for hours worked;

    ii. failing to pay employees the appropriate minimum wage for all hours worked; and

    iii. failing to literally pay their employees for their labor.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

25. Defendants failed to compensate Plaintiff and members of the FLSA Collective at the minimum wage rate for all hours worked. The exact accounting of such discrepancy can only be determined upon completion of discovery.

26. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## STATEMENT OF FACTS

### Plaintiff Jose Illescas' Employment with Defendants

27. Plaintiff worked as a busboy and assistant bartender for Defendants from on or about 2010 through on or about October 2019.

28. As a busboy, Plaintiff's job duties primarily included clearing and resetting tables.

29. As an assistant bartender, Plaintiff's job duties primarily included preparing drinks and restocking the bar.

30. Plaintiff was scheduled to work 5 days per week.

31. Plaintiff worked Tuesday through Saturday each week.

32. Plaintiff worked from 4 pm to 11 pm or 12 am.

33. Plaintiff received a meal break of 30 minutes per shift.

34. At all times relevant to this action, Plaintiff was paid an hourly wage that was below the appropriate minimum wage rate for tipped employees.

35. Plaintiff was paid weekly by check.

36. From the beginning of his employment with Defendants through on or about 2016, Plaintiff was paid $5.50 per hour.

37. In 2017, Plaintiff was paid $6.50 per hour.

38. In 2018, Plaintiff was paid $7.00 per hour.

39. In 2019, Plaintiff was paid $7.50 per hour.

40. Throughout his employment with Defendants, Plaintiff did not receive payment on time.

41. On or about October 2019, a fire occurred in the kitchen of Agave and the restaurant was forced to close.

42. Agave, though, is currently open.

43. Plaintiff, along with several other employees of Defendants, was not paid for his last 4 weeks of work.

44. Prior to filing this lawsuit, Plaintiff's counsel attempted to resolve this matter but Defendants failed to respond.

**FIRST CAUSE OF ACTION**
**Failure to Pay Earned Wages in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Throughout the relevant time period, Plaintiff was an "employee" within the meaning of the New York Labor Law.

47. At all relevant times, Defendants were "employers" within the meaning of the NYLL.

48. Defendants failed to pay Plaintiff his earned wages for the periods of time and in the manner as set forth above.

49. Defendants' actions in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief of compliance with NYLL §663, *et seq.*

50. As a result of the foregoing, Plaintiff has been denied wages required under NYLL §§663 *et seq.*, and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wages in Violation of the Fair Labor Standards Act**
<u>**(On Behalf of Plaintiff and the FLSA Collcetive)**</u>

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

53. At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §203.

54. At all relevant times, Defendants have employed employees, including Plaintiff.

55. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked.

56. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

57. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

58. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

59. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

60. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. §201 *et seq.*

61. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §201 *et seq.*

## THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wages in Violation of New York Labor Law
### (On Behalf of Plaintiff)

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

64. At all times relevant, Plaintiff was an employee of Defendants.

65. Defendants were employers of Plaintiff within the meaning of the NYLL §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

66. At all times relevant, Plaintiff was covered by the NYLL.

67. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

68. Defendants failed to pay Plaintiff the gap time and/or minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

69. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

70. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Four Green Fields LLC d/b/a Agave Restaurant and Jack Sobel, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid earned wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by NYLL;

(c) Damages for the unpaid minimum wages due to Plaintiff and the FLSA Collective, along with liquidated damages as provided by the FLSA.

(d) Damages for the unpaid minimum wages due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(e) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For his costs and disbursements of this action, including attorney's fees and expenses; and,

(i) For such other further and different relief as this Court deems just and proper.

Dated: November 10, 2020
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*