The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

March 30, 2021

**Via ECF**
Hon. Ronnie Abrams
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Illescas v. Four Green Fields LLC et al.*
              20-cv-09426 (RA)

Dear Judge Abrams:

     This office represents Plaintiff Jose Illescas ("Illescas" or "Plaintiff") in the above captioned matter. Plaintiff, together with Defendants Four Green Fields LLC ("Four Green") d/b/a Agave Restaurant and James McCartin (incorrectly sued herein as 'Jack Sobel' (collectively "Defendants") requests that the Court approve the signed settlement reached in this matter. A copy of the settlement agreement is annexed hereto as Exhibit A.

**Overview**

     Agave Restaurant is an American style restaurant located in New York City. Plaintiff worked at Agave Restaurant from 2010 through October 2019. For the relevant time period in question, Plaintiff worked as an assistant busboy. Plaintiff claimed that he was not paid for the last four weeks of his employment with Defendants. Defendants contest this claim.

**Summary of Plaintiff's Damages**

     The following is written through the eyes of Plaintiff and does not reflect Defendants' position.

     Plaintiff was paid weekly by Defendants. Plaintiff believes that there was one week that Defendants did not issue him a check and that there were three separate checks that did not clear when deposited. As a result, Plaintiff believes that the total amount he is owed is approximately $2,960.32.

     Plaintiff is also entitled to recover attorneys' fees and expenses in accordance with the FLSA and NYLL.

## History of Lawsuit

On November 10, 2020, Plaintiff commenced this action against Defendants. Dkt 001. Plaintiff sued on behalf of himself and others similarly situated for unpaid overtime compensation under the FLSA and NYLL, and for failure to provide annual wage notices or wage statements under NYLL.

On December 28, 2020, the Clerk issued a certificate of default. Dkt 12.

On January 11, 2021, Raymond Nardo issued a notice of appearance on behalf of Defendants. Dkt 14.

On February 2, 2021, Defendants issued an answer. Dkt 18.

Throughout the first two weeks of February the parties engaged in settlement discussions. On or about February 16, 2021, the parties reached a settlement in principle.

## Fairness and Reasonableness of the Settlement

The settlement sum is $4,000 payable within 30 days of Court approval of the settlement. Plaintiff will receive $2,600 and Plaintiff's counsel shall receive $1,400. The $1,400 that Plaintiff's counsel receives includes reimbursement for the filing fee ($400) and service costs ($100). This means Plaintiff, after attorneys' fees and expenses, will receive close to all of his unpaid wages that he believes he is owed.

The settlement is reasonable for several reasons. Defendants provided financial records attesting to the fact that they, like many restaurants, have taken a huge financial hit due to Covid-19. In addition, Defendants are dealing with settlement payments in other FLSA matters. We decided to err on the side of caution and not seek every last dollar.

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion. *Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (*citing Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." Id. As previously mentioned, for the range of recovery, Plaintiff will receive

2

approximately the total sum of his unpaid wages. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." Id. This settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiff's attorneys' fees, and relieve Defendants of the burden of further defending another federal court action.

The parties jointly represent to the Court that the settlement agreement is fair to Plaintiff, reasonably resolves bona fide disagreements between the parties about the merits of Plaintiff's claims, and demonstrates a good faith intention by Plaintiff and Defendants that their claims for liability and damages be fully and finally resolved and not re-litigated in the future.

### Work Performed by Plaintiff's Counsel

Plaintiff's counsel will receive *less* than 1/3 of the settlement amount after expenses. The expenses in this matter included the filing fee ($400) and service on Defendants ($100). We respectfully submit the allocation of 26% for Plaintiff's counsel after expenses should be approved. *See Rangel v. 639 Grant St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (Judge Bloom awarding plaintiff's counsel one-third of the settlement amount, plus costs); *see also, Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13, 2018); *see also, Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 50 F.3d 229, 239 (2d Cir. 2007); *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp.2d 2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement).

The Law Offices of Jacob Aronauer spent a total of 16.29 hours litigating this case. Mr. Aronauer spent 4.2 hours and Mr. Aronauer's paralegals spent a total of 12.09 hours. Plaintiff's contemporaneous time records amount to $3,493.50 (not inclusive of fees and expenses). Plaintiff's counsel seeks attorneys' fees in the amount of $1,400. This amount constitutes a lodestar of .35. This is a reasonable lodestar amount. *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp.3d 424, 439 (S.D.N.Y. 2014) (Honorable William H. Pauley III concluded that a "multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."). A copy of the legal fees is annexed as Exhibit B.

### Attorneys' Fees and Counsel's Qualifications

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. From 2018-2020, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Paralegals in this case employed by Mr. Aronauer's firm charged $150

3

per hour. Jacob Aronauer has litigated over 100 wage and hour cases over the past eight years.

**Conclusion**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the disputation of facts regarding whether or not Plaintiff received payment for his last four weeks of employment with Defendants and the desire of all parties involved to avoid the burden of additional costs and expenses, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
    *All attorneys on record*

# EXHIBIT A

Case 1:20-cv-09426-RA   Document 21   Filed 03/30/21   Page 5 of 15

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between Jose Illescas, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"), on the one hand, and Four Green Fields LLC d/b/a Agave Restaurant and James Mccartin, incorrectly sued herein as "Jack Sobel," individually (collectively "Defendants") (collectively "Defendants").

## RECITALS

**WHEREAS,** the Plaintiff, through his attorneys, has filed a lawsuit on November 10, 2020 entitled 20-cv-09426 (RA) for claims against Defendants for alleged violations of the Fair Labor Standards Act and the New York Labor Law, and related regulations, seeking alleged unpaid overtime compensation and unpaid wages, liquidated damages, statutory penalties, interest, costs and attorney's fees; and

**WHEREAS,** the Parties to this Agreement mutually desire to fully resolve and forever settle any and all wage and hour claims that the Plaintiff may have, including but not limited to the claims asserted in Plaintiffs lawsuit, for the purpose of avoiding the time, expense and inconvenience of litigation; and

**WHEREAS,** the Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and the Parties have had a full and fair opportunity to consider this Agreement and review all o its terms with the assistance of such counsel; and

**WHEREAS,** the Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion;

**NOW THEREFORE,** with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

## AGREEMENT

(1) <u>Settlement Payment.</u> In consideration for the Plaintiff signing this Agreement and complying with all of the terms and conditions herein, Defendant shall pay to the Plaintiff and his attorneys, no later than 30 days following Court approval of the settlement the total sum of $4,000.00 (the "Settlement Amount") and dismissal of the action. The Settlement Amount shall be allocated and divided between the Plaintiff and Plaintiffs attorneys through two separate checks, The Law Offices of Jacob Aronauer, as follows: $2,600.00 for Plaintiff and $1,400.00 to The Law Offices of Jacob Aronauer.

The Plaintiff expressly understands and agrees that he shall be solely responsible for the payment of all federal, state and local taxes due on his allocated portion of the Settlement Amount. The Settlement Amount to be paid to the Plaintiff and his attorneys pursuant to this Agreement is in complete settlement of all demands or claims set forth in the Plaintiffs lawsuit, as well as any other claims of any kind that have been or could have been asserted by the Plaintiff against the Defendants pursuant to the Fair Labor Standards Act, the New York Labor Law, and related regulations, whether for allegedly unpaid wages, liquidated damages, statutory penalties, interest, attorney's fees, costs and disbursements.

(2) <u>Non-Payment; Notice; Cure.</u> If Defendants breaches this Agreement by failing to pay the Settlement Amount by the payment deadline set forth in Paragraph 1, above, counsel for the Plaintiff must provide counsel for the Defendants with a written notice of such default, to be sent via email or facsimile transmission. The Defendants shall then have ten (10) days from the date that such written default notice is provided in which to cure such default by making payment in full of the Settlement Amount. If such 10-day cure period expires and the Defendants has still not cured such default by making payment in full of the Settlement Amount, then Plaintiff shall have the right to cancel this Agreement. Should the Plaintiff exercise such right, then this Agreement shall be deemed null and void and its terms shall cease to bind the Parties.

(3) <u>Release of Claims from Claimant.</u> In consideration for the payment of the Settlement Amount, as well as for other good and valuable consideration, the Claimant, on behalf of himself and his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably release and forever discharge Defendants and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, members, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Defendants"), from any and all claims, known or unknown, suspected or unsuspected, asserted or unasserted, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, including but not limited to the NYS Wage Theft Prevention Act, and any other statutory, regulatory and/or common law claims for alleged unpaid wages, liquidated damages, statutory damages and/or penalties, interest, costs and attorney's fees, based upon any conduct occurring from the beginning of the world to the date of the Plaintiffs execution of this Agreement. To the fullest extent permitted by law, the Plaintiff promises not to sue or bring any charges, complaints or lawsuits related to the claims hereby waived and released against the Defendants in the future, individually or as a member of a class or collective action. The Plaintiff also specifically waives and releases his rights to recover any money whatsoever from any of the Defendants in connection with any charge, claim or complaint filed against any of the Defendants by anyone with any government agency, to the fullest extent permitted by law. This waiver, release and promise not to sue is binding on the Claimant, his heirs, legal representatives and assigns. In the event that the Plaintiff violates this Agreement by bringing or maintaining any charges, claims or lawsuits against any of the Defendants contrary to this Paragraph, the Plaintiff shall pay all costs and expenses of any of the Defendants in defending against such charges, claims or actions, including reasonable attorneys' fees, if any of the Defendants prevail in their defense.

2

(4) <u>Non-Assignment of Claims.</u> The Plaintiff represents and warrants that he has not assigned or transferred, nor purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the claims released in this Agreement. The Plaintiff shall defend, indemnify and hold the Defendants harmless against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorneys' fees and costs.

(5) <u>No Filed Claims.</u> The Plaintiff represents that he has not filed any complaints or charges against any of the Defendants with any local, state or federal agency or court. Further, to the fullest extent permitted by law, the Plaintiff shall not do so at any time hereafter for any claim released in this Agreement arising from actions or conduct which occurred prior to the Plaintiff's execution of this Agreement. The Parties further acknowledge and agree that this Agreement and the consideration exchanged in this Agreement are contingent upon this promise not to file any such claim, complaint or charge of any kind whatsoever. In the event it is discovered that the Plaintiff files or has filed any such claim(s), the Plaintiff agrees to immediately take all reasonable and necessary measures to effect the prompt dismissal of such claim(s) and to pay the Defendants' reasonable attorney's fees and costs, if any, in connection with the defense and/or dismissal of any such claim(s)

(6) <u>Each Party To Bear Its Own Attorneys' Fees.</u> The Parties shall each bear their own attorney's fees, costs, and expenses, except as expressly provided herein.

(7) <u>Tax Liability and Indemnity.</u> The Plaintiff understands that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by any of the Defendants or withheld by any of the Defendants on account of or from the Settlement Amount. The Plaintiff acknowledges that the Defendants and its counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by the Defendants or its attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiff shall be solely responsible for any and all taxes which may be due as a result of Plaintiff's receipt of the Settlement Amount. The Plaintiff further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Defendants or by the Claimant, or both, as a result of not withholding taxes from any portion of the Settlement Amount, and the Plaintiff agrees to fully indemnify and hold the Defendants harmless against any such liability. If any of the Defendants receive notice from any taxing authorities regarding any of the payments hereunder, the Defendants shall provide the Plaintiff's attorneys with a copy of such notice, within a reasonable period, so that the Plaintiff may address any requests made by such taxing authority. The Plaintiff understands that, in the event that any of the Defendants are required to enforce the terms of this indemnification and hold harmless provision, the Plaintiff shall reimburse such Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

(8) <u>No Admission of Liability.</u> The Defendants do not admit to any liability or wrongdoing whatsoever on their part or by any individuals acting under their supervision or on their behalf.

3

Neither this Agreement nor the payment or acceptance of the Settlement Amount shall be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as an admission by any of the Defendants or by any individuals acting under the Defendants' supervision or on the Defendants' behalf of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

(9) <u>Successors and Assigns.</u> This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(10) <u>Entire Agreement.</u> This Agreement, when signed by the Parties, shall constitute the entire understanding and agreement between the Parties with respect to the settlement of the Plaintiffs claims set forth in the lawsuit, and supersedes and cancels any and all prior oral and written agreements, if any, between and among them.

(11) <u>Modification in Writing.</u> This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(12) <u>No Other Assurances.</u> The Plaintiff acknowledges that, in deciding to execute this Agreement, Plaintiff has not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to him by anyone, except for what is expressly stated in this Agreement.

(13) <u>Governing Law.</u>  This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(14) <u>Joint Preparation.</u> The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(15) <u>Severability.</u> If any provision, term or clause of this Agreement, or any part thereof, is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other govermnental regulatory or administrative agency, authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, such provision, term or clause, or part thereof, shall be deemed severable, such that all other provisions, terms and clauses, or parts thereof, of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon the Parties.

(16) <u>Captions.</u>  Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(17) <u>Capability to Release Claims.</u>  The Plaintiff represents that he is competent to enter into a knowing and voluntary general release of claims. The Plaintiff represents that he is not affected or impaired by illness, use of alcohol, drugs or other substances, and is not otherwise impaired. The Plaintiff also represents that he is not a party to any bankruptcy, lien, or creditor-debtor proceeding which would impair his right to settle and release his legal claims.

(18) <u>Counterparts; Execution.</u>  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**IN WITNESS WHEREOF,** the Parties hereto have knowingly and voluntarily executed this Agreement as of the dates set forth beneath their respective signatures below:

**CLAIMANT:**

STATE OF _____   )
                       ) ss:
COUNTY OF _____   )

I, **JOSE ILLESCAS,** affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language (if my primary language is other than English), that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
JOSE ILLESCAS

5

**DEFENDANTS:**

FOUR GREEN FIELDS LLC

By: _James McCartin_

Dated: _3-8-_, 2021

JAMES McCARTIN

By: _James McCartin_
    JAMES McCARTIN

Dated: _3-8-_, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE ILLESCAS, on behalf of himself and
all others similarly situated,

                     Plaintiff,              20-CV-09426 (RA)

      -against-              STIPULATION OF DISMISSAL

FOUR GREEN FIELDS LLC d/b/a AGAVE
RESTAURANT and JACK SOBEL,
individually

                    Defendants.
-------------------------------------------------------------X

## **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice against the above Defendants. This Court shall retain jurisdiction to enforce this Agreement.

A copy of this Stipulation shall be deemed as valid as an original.

LAW OFFICES OF JACOB
ARONAUER

By: _____
Jacob Aronauer, Esq.
Counsel for Plaintiff
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

RAYMOND NARDO, P.C.

_____
RAYMOND NARDO, ESQ.
Counsel for Defendants
129 Third Street
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com

7

# EXHIBIT B

# Law Offices of Jacob Aronauer

**INVOICE**

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 157
Date: 03/30/2021
Due On: 04/29/2021

Jose Illescas
2420 Prospect Ave Apt 4D
Bronx, NY 10458

## 00307-Illescas

## Illescas v. Four Green Fields LLC d/b/a Agave

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 09/28/2020 | Attorney Fees: Initial meeting with client. | 0.80 | $400.00 | $320.00 |
| Service | 09/28/2020 | Paralegal fees - Maria: Initial meeting with client. | 0.80 | $150.00 | $120.00 |
| Service | 10/04/2020 | Paralegal Fees - Corey: Reviewed demand letter | 0.50 | $150.00 | $75.00 |
| Service | 10/05/2020 | Paralegal fees - Maria: Demand letter sent via Fedex Express and client was informed. | 0.09 | $150.00 | $13.50 |
| Service | 10/19/2020 | Paralegal Fees - Corey: drafted damages spreadsheet and complaint | 1.34 | $150.00 | $201.00 |
| Service | 10/20/2020 | Paralegal Fees - Corey: initial research on defendants | 0.50 | $150.00 | $75.00 |
| Service | 10/20/2020 | Paralegal Fees - Corey: drafted damages spreadsheet and complaint | 2.09 | $150.00 | $313.50 |
| Service | 10/21/2020 | Paralegal Fees - Corey: drafted complaint | 1.17 | $150.00 | $175.50 |
| Service | 11/04/2020 | Paralegal Fees - Corey: updated damages spreadsheet | 1.84 | $150.00 | $276.00 |
| Service | 11/10/2020 | Attorney Fees: Review complaint/civil cover sheet/ summons. | 0.80 | $400.00 | $320.00 |
| Expense | 11/10/2020 | Reimbursable expenses: Filing Fee. | 1.00 | $400.00 | $400.00 |
| Service | 11/12/2020 | Paralegal fees - Maria: Summons were sent to serve individual and corp. | 0.10 | $150.00 | $15.00 |
| Service | 12/26/2020 | Attorney Fees: Prepare and issue clerk's certificate of default. | 0.30 | $400.00 | $120.00 |
| Service | 12/30/2020 | Paralegal Fees - Sian: revised damages spreadsheet | 0.50 | $150.00 | $75.00 |
| Service | 12/30/2020 | Paralegal Fees - Sian: revised damages spreadsheet | 0.09 | $150.00 | $13.50 |
| Service | 12/30/2020 | Attorney Fees: Review spreadsheet. | 0.20 | $400.00 | $80.00 |

DRAFT

Invoice # 157 - 03/30/2021

| | | | | | |
|---|---|---|---|---|---|
| Service | 01/14/2021 | Paralegal Fees - Sian: reviewed Defendants' records; emailed Jacob and Maria | 0.39 | $150.00 | $58.50 |
| Service | 02/02/2021 | Attorney Fees: Review defendant's answer. | 0.20 | $400.00 | $80.00 |
| Service | 02/09/2021 | Paralegal fees - Maria: Defendant offered 4k total. Offer accepted | 0.08 | $150.00 | $12.00 |
| Service | 02/18/2021 | Attorney Fees: Draft settlement agreement. | 0.60 | $400.00 | $240.00 |
| Expense | 03/26/2021 | Reimbursable expenses: Service costs on corp. defendant and individual defendant. | 1.00 | $100.00 | $100.00 |
| Service | 03/29/2021 | Translated settlement agreement to the client. | 0.60 | $150.00 | $90.00 |
| Service | 03/29/2021 | Attorney Fees: Draft settlement letter. | 1.30 | $400.00 | $520.00 |

**Total**  **$3,693.50**

## Detailed Statement of Account

**Current Invoice**

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 157 | 04/29/2021 | $3,693.50 | $0.00 | $3,693.50 |
| | | | **Outstanding Balance** | **$3,693.50** |
| | | | **Total Amount Outstanding** | **$3,693.50** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.