USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 04/05/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE ILLESCAS, *on behalf of himself and all others similarly situated*,

                    Plaintiff,

v.

FOUR GREEN FIELDS LLC, d/b/a AGAVE RESTAURANT, and JACK SOBEL,

                    Defendants.

20-CV-9426 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Jose Illescas brings this action against Four Green Fields LLC, d/b/a Agave Restaurant, and Jack Sobel, raising claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Dkt. 1. The parties have reached an agreement to resolve this litigation. *See* Dkt. 21. For the following reasons, the agreement is approved.

    District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of circumstances including "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted).

First, the settlement amount is fair and reasonable. Plaintiff claimed that he was not paid for the last four weeks of his employment, and asserted that he was owed approximately $2,960.32. The parties have agreed to settle the action for $4,000, of which Plaintiff will receive $2,600 and Plaintiff's counsel will receive $1,400. This overall amount of recovery is fair and reasonable, particularly in light of the parties' representation that the restaurant is facing financial difficulties due to the COVID-19 pandemic. Considering the "uncertainty of recovering any damages if the litigation continues," *Wiles v. Logan Staffing Sols., Inc.*, No. 18-CV-9953 (RA), 2020 WL 996735, at *1 (S.D.N.Y. Mar. 2, 2020), the Court finds the settlement amount to be reasonable.

Second, the portion of the settlement reserved for attorney's fees is reasonable. Plaintiff's counsel incurred $500 in litigation costs such that, after expenses, Plaintiff's counsel will receive roughly 25 percent of the recovery amount. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). As such, the Court concludes that these proposed attorney's fees are reasonable as a fair percentage of the net award.

Third, the release of claims provided for in the agreement is sufficiently limited in scope. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiff has agreed to release Defendants from claims for unpaid wages and related damages arising under the FLSA, the NYLL, and related regulations. *See* Dkt. 21 at 7. This release of claims is limited to the wage-and-hour issues asserted in this action or related claims that could have been asserted. Similar releases are routinely approved.

*See Sanders v. CJS Sols. Grp., LLC*, No. 17 CIV. 3809 (ER), 2018 WL 1116017, at *2 (S.D.N.Y. Feb. 28, 2018) (release of claims "that were or could have been asserted" in the action "[fell] well within the scope of permissible releases under *Cheeks*"). The release provisions are accordingly approved.

Finally, the agreement does not contain any provisions regarding confidentiality or non-disparagement, which courts must carefully scrutinize to ensure that the agreement comports with the broad remedial goals of the FLSA. *See Nights of Cabiria*, 96 F. Supp. 3d at 176; *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

For the reasons stated above, the Court approves the settlement agreement and dismisses this action with prejudice in accordance with the agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   April 5, 2021
         New York, New York

                                        Ronnie Abrams
                                        United States District Judge